1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTONIO LAMONT CAIN,                        No. 2:20-cv-1768-JDP P

12              Plaintiff,

13      v.                                        ORDER

14   B. PAUIGLIATI, et al.,

15              Defendants.

16

17        Plaintiff is a federal prisoner proceeding without counsel in an action brought under 28

18   U.S.C. § 1331.  In addition to filing a complaint (ECF No. 1), he has filed an application to

19   proceed in forma pauperis (ECF No. 2) and two requests for appointment of counsel (ECF Nos. 3

20   & 5).

21                      Application to Proceed in Forma Pauperis

22        The court has reviewed plaintiff's application and finds that it makes the showing required

23   by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency

24   having custody of plaintiff to collect and forward the appropriate monthly payments for the filing

25   fee as set forth in 28 U.S.C. §§ 1915(b)(1) and (2).

26                               Screening Standards

27        Federal courts are required to screen cases in which prisoners seek redress from a

28   governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1    § 1915A(a).  The court must dismiss any complaint, or portion thereof, that "is frivolous,

2    malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief

3    from a defendant who is immune from such relief."  *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action."  *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

15   cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

16        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23                                              Screening Order

24        Plaintiff's complaint is plainly deficient insofar as it attempts to bring multiple, unrelated

25   claims against multiple defendants.  That is, plaintiff purports to bring all of the following claims

26   in this action: (1) a November 9, 2019 religious discrimination claim against defendants Ballard

27   and Hatton; (2) a December 4, 2019 excessive force claim against defendants Pauigliati and

28   Gonzales; (3) a January 11, 2020 verbal sexual assault claim against defendant Cervantes; (4) a

2

1   January 28, 2020 excessive force claim against defendant Pauigliati; (5) a January 29, 2020 and

2   February 11, 2020 due process claim against defendants Futrell and Figueroa-Price; (6) a

3   February 11, 2020 retaliation claim against defendant Alatary; (7) a February 12, 2020 mail

4   interreference claim against defendants Waembrodt and Baker; and (8) a November 15, 2020

5   mail interference claim against defendants Nimmos and Potichkin. A claimant may not proceed

6   with various unrelated claims against separate defendants:

7       "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party
        asserting a claim to relief as an original claim, counterclaim, cross-
8       claim, or third-party claim, may join, either as independent or as
        alternate claims, as many claims, legal, equitable, or maritime, as the
9       party has against an opposing party.' Thus multiple claims against a
        single party are fine, but Claim A against Defendant 1 should not be
10      joined with unrelated Claim B against Defendant 2."

11   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims encompass discrete events

12   involving separate defendants that are ill-suited to proceed in a single suit. Indeed, most subsets

13   of allegations pose entirely separate questions—both legally and factually—from the others.

14       Plaintiff's complaint will be dismissed with leave to amend.

15                                   Leave to Amend

16       Plaintiff is cautioned that any amended complaint must identify as a defendant only

17   persons who personally participated in a substantial way in depriving him of his constitutional

18   rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a person subjects

19   another to the deprivation of a constitutional right if he does an act, participates in another's act or

20   omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff

21   may include any allegations based on state law that are so closely related to his federal allegations

22   that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a). The amended complaint

23   must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may

24   not change the nature of this suit by alleging new, unrelated claims, *see George*, 507 F.3d at 607,

25   and he may not bring unrelated claims against multiple defendants. *Id.*

26       Any amended complaint must be written or typed so that it so that it is complete in and of

27   itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an

28   amended complaint supersedes any earlier filed complaint, and once an amended complaint is

1  filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*

2  *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the

3  original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55,

4  57 (9th Cir. 1967)).

5         Any amended complaint should be as concise as possible while meeting the above

6  requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should not include procedural or factual background

7  that has no bearing on his legal claims.  He should also take pains to ensure that his amended

8  complaint is as legible as possible, considering not only penmanship but also spacing and

9  organization.  Plaintiff should consider whether each of the defendants he names actually had

10 involvement in the constitutional violations he alleges.  A "scattershot" approach in which

11 plaintiff names dozens of defendants will not be looked upon favorably by the court.

12                              Request for Counsel

13         Plaintiff requests the appointment of counsel.  District courts lack authority to require

14 counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

15 *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may ask an attorney to

16 voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d

17 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

18 When determining whether "exceptional circumstances" exist, the court must consider the

19 likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

20 se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

21 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

22 circumstances in this case.

23         Accordingly, it is ORDERED that:

24         1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

25         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

26             in accordance with the notice to the Federal Bureau of Prisons filed concurrently

27             herewith.

28         3.  Plaintiff's requests for appointment of counsel (ECF Nos. 3 & 5) are denied.

4

4.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.

5.  Failure to comply with any part of this this order may result in dismissal of this action.

DATED:      October 6, 2020

_____
UNITED STATES MAGISTRATE JUDGE

5