UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LAMONT CAIN,<br><br>  Plaintiff,<br><br>  v.<br><br>B. PAUIGLIATI, *et al.*,<br><br>  Defendants. | Case No. 2:20-cv-1768-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 14 |

Plaintiff is a federal prisoner proceeding without counsel in this civil rights action brought under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff has filed a motion requesting the appointment of counsel. ECF No. 14.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff contends that appointing counsel is warranted due to the current pandemic, which has resulted in his institution closing its law library and hindered plaintiff's access to legal material. ECF No. 14. The court is sympathetic to the challenge plaintiff faces in gaining access to legal material. But this challenge is not unique to plaintiff. Inmates throughout California and the country face similar obstacles as a result of the pandemic. Accordingly, plaintiff's situation, while unfortunate, does not constitute an exceptional circumstance justifying the appointment of counsel. To hold otherwise would require counsel be appointed for virtually all incarcerated litigants, which is simply not feasible. For this reason, plaintiff's motion to appoint counsel, ECF No. 14, is denied.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

IT IS SO ORDERED.

Dated:   January 21, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE