UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LAMONT CAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>B. PAUIGLIATI,<br><br>        Defendant. | Case No. 2:20-cv-01768-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AND TO APPOINT COUNSEL<br><br>ECF Nos. 22, 24 |

Plaintiff is a federal prisoner proceeding without counsel with claims brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He has filed two motions that collectively request that FCI Herlong and Correctional Officer Little—neither parties to this action—be ordered to produce documents. ECF Nos. 22 & 24. The most recently filed motion also includes plaintiff's third request for appointment of counsel. ECF No. 24 at 1.

Plaintiff's motions to compel discovery are premature. The court recently ordered service of the complaint by the U.S. Marshal. ECF No. 25. After defendant files an answer to the complaint, the court will issue a discovery and scheduling order. Plaintiff can then serve defense counsel with requests for discovery pursuant to Federal Rules of Civil Procedure 26-37 and 45. If plaintiff is unable to obtain necessary discovery from defendant, he can then file an appropriate motion asking for the court's assistance. Plaintiff's motions to compel discovery are denied.

1

Plaintiff's request to appoint counsel will also be denied. As previously explained to plaintiff, he does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The first amended complaint's allegations are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, his motion to appoint counsel is denied without prejudice.

Accordingly, it is hereby ORDERED that plaintiff's motions to compel discovery and for appointment of counsel, ECF Nos. 22 & 24, are denied.

IT IS SO ORDERED.

Dated: May 11, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE