1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTONIO LAMONT CAIN,                    Case No.  2:20-cv-01768-JDP (PC)

12                 Plaintiff,

13         v.                                 ORDER

14    B. PAVIGLIANTI,

15                 Defendant.

16

17         Plaintiff is a former federal prisoner[1] proceeding pro se and *in forma pauperis* in this civil

18    rights action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

19    Plaintiff seeks damages against defendant B. Paviglianti, a correctional officer at the Federal

20    Correctional Institution in Herlong, California, for using excessive force against him in violation

21    of the Eighth Amendment.  Defendant moves to dismiss on the ground that *Egbert v. Boule*, 142

22    S. Ct. 1793 (2022), precludes relief.  ECF No. 59.  In response, plaintiff has filed a document

23    titled "Motion to Dismiss," which I construe as an opposition to defendant's motion.  ECF No.

24    61.  I will grant defendant's motion.[2]

25

26

---

27         [1] Plaintiff called the court on May 9, 2023, and indicated that he is no longer incarcerated.
          [2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C.
28    § 636(c).  *See* ECF No. 60).

**Background**

In the first amended complaint, plaintiff alleges that on January 28, 2020, he was handcuffed while being escorted by Pavigliani.  ECF No. 13 at 1.  He claims that Pavigliani slapped him across the face several times without cause and pushed him to the ground.  *Id.*  He alleges that Pavigliani then moved him into a "visual search cell" and slammed his head against the wall four times.  *Id.*

On May 7, 2021, the court screened the operative complaint and found that plaintiff had stated an Eighth Amendment excessive force claim against Pavigliani.  ECF No. 16.

**Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds on which they rest.  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Put another way, a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal citations omitted).  Still, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

2

1    A court should construe pro se complaints liberally, "particularly in civil rights cases."

2    *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A pro se plaintiff need only provide

3    defendants with fair notice of his claims and of the grounds upon which they rest.  *Hearns v.*

4    *Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005).  But a court "may not supply essential elements of

5    the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266,

6    268 (9th Cir. 1982).  If a court dismisses a complaint, it should give leave to amend unless the

7    "pleading could not possibly be cured by the allegation of other facts." *United States v. United*

8    *Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (internal citations omitted).

9                                          **Discussion**

10          **A.  Motion to Appoint Counsel**

11          Plaintiff's opposition includes a request for appointment of counsel on the ground that he

12   is in the Special Housing Unit with limited access to the law library.  ECF No. 61 at 5.  Plaintiff

13   does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113

14   F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent

15   plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  I may

16   request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request

17   an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.

18   However, without means to compensate counsel, I will seek volunteer counsel only in exceptional

19   circumstances.  In determining whether such circumstances exist, "the district court must evaluate

20   both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

21   claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525

22   (internal quotation marks and citations omitted).

23          As with plaintiff's previous request, I cannot conclude that exceptional circumstances

24   requiring the appointment of counsel are present here.  Plaintiff's claim is not unusually complex,

25   and he appears able to articulate it without assistance.  Moreover, despite the conditions

26   underlying his request, plaintiff has been able to file his opposition to the pending motion, ECF

27   No. 61; a request for information, ECF No. 62; and a request to continue consideration of

28   defendant's motion to dismiss, ECF No. 65.  And since filing his opposition, plaintiff has

1  informed the court that he has been released.  His request for the appointment of counsel will be

2  denied at this time.

3  **B.  *Egbert v. Boule***

4  I next consider whether plaintiff's *Bivens* claim is precluded by *Egbert*, a recent decision

5  in which the Supreme Court emphasizes that prescribing a cause of action is the prerogative of

6  Congress, not the judiciary.  In that case, a Border Patrol agent allegedly used excessive force

7  against the plaintiff while attempting to ascertain the immigration status of a person riding in his

8  car.  142 S. Ct. 1793, 1801 (2022).  Plaintiff sued the officer under *Bivens*, alleging violations of

9  his First and Fourth Amendment rights.  *Id.* at 1802.

10  The Supreme Court stated that its prior decisions had evaluated proposed *Bivens* claims by

11  asking two questions: (1) whether the claim is meaningfully different from the cases in which the

12  Supreme Court has implied an action for damages; and, (2) if the claim does arise in a new

13  context, whether there are any "special factors" indicating that the judiciary is less well equipped

14  than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Egbert*,

15  142 S. Ct. at 1803.  The *Egbert* Court noted that "those steps often resolve to a single question:

16  whether there is any reason to think that Congress might be better equipped to create a damages

17  remedy." *Id.*

18  The Court stated that it has recognized *Bivens* remedies only three times.  First, in *Bivens*

19  itself, in which the Court found viable a Fourth Amendment claim against agents who manacled

20  the plaintiff and made threats against his family during a narcotics arrest.  403 U.S. 388, 397

21  (1971).  Second, in a Fifth Amendment gender-discrimination claim against a Congressman.

22  *Davis v. Passman*, 442 U.S. 228 (1979).  And third, in an Eighth Amendment case involving a

23  prisoner's constitutionally inadequate medical care.  *Carlson v. Green*, 446 U.S. 14 (1980).  The

24  Court in *Egbert* then stated:

25      Since these cases, the Court has not implied additional causes of
        action under the Constitution.  Now long past the heady days in
26      which this Court assumed common-law powers to create causes of
        action, we have come to appreciate more fully the tension between
27      judicially created causes of action and the Constitution's separation
        of legislative and judicial power.  At bottom, creating a cause of
28      action is a legislative endeavor.

1   *Id.* (internal citations and quotation marks omitted).

2       Following *Egbert*, recognizing a *Bivens* claim in a context outside the three explicitly

3   recognized by the Supreme Court is heavily disfavored.  As the majority put it, "in almost every

4   case," Congress is better equipped than the judiciary to provide a damages remedy.  142 S. Ct. at

5   1803.  The bar against judicial recognition of a new *Bivens* remedy is so high that "[i]f there is

6   even a single reason to pause before applying *Bivens* in a new context, a court may not recognize

7   a *Bivens* remedy."  *Id.* (internal citations and quotation marks omitted).

8       Here, plaintiff raises an Eighth Amendment excessive force claim against a correctional

9   officer.  Although such claims are far from uncommon, this claim does not fall in one of the three

10  contexts recognized by the Supreme Court.  Although the Eighth Amendment is implicated here,

11  as in *Carlson*, 446 U.S. 14, the nature of the claim is different: this case presents an excessive

12  force claim, while *Carlson* involved medical deliberate indifference.

13      Under *Egbert*, there are at least two reasons to pause before authorizing a *Bivens* action

14  here.  First, an alternative remedy exists: the Federal Bureau of Prisons has a remedial program

15  for federal prisoners.  *See* 28 C.F.R. § 542.10 ("The purpose of the Administrative Remedy

16  Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her

17  own confinement."); *see also Corr. Srvcs Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (concluding

18  that a *Bivens* remedy was unavailable, in part, because "[i]nmates . . . have full access to remedial

19  mechanisms established by the BOP, including . . .  grievances filed through the BOP's

20  Administrative Remedy Program"); *Taylor v. Kobayashi*, No. 22-16017, 2023 WL 2400879, at

21  *1 (9th Cir. Mar. 8, 2023) (unpublished) (concluding that "the Bureau of Prisons' formal review

22  process for inmate complaints" foreclosed the availability of a *Bivens* remedy).

23      Second, Congress has provided an alternative remedy through the Federal Tort Claims Act

24  ("FTCA").  *See Schwarz v. Meinberg*, 761 F. App'x 732, 734-35 (9th Cir. 2019) (identifying the

25  FTCA as an alternative process available to federal prisoners); *Prescott v. United States*, 2022

26  WL 18859316, at *2 (C.D. Cal. Dec. 21, 2022) ("[A]ggrieved federal prisoners can bring suit for

27  damages against the United States for the torts of its federal employees under the [FTCA].").

28  While a single alternative remedy is sufficient to foreclose a *Bivens* remedy, plaintiff has at least

two.  Under *Egbert*, the court cannot "second-guess" the judgments of Congress and the
Executive "by superimposing a *Bivens* remedy."  *Egbert*, 142 S. Ct. at 1807.

Plaintiff counters that he did file a prison grievance and an FTCA claim but neither
"yielded [any] result[ ]."[3]  ECF No. 61 at 1, 3.  Even so, the dispositive issue is whether a
remedial scheme was created by the legislature and made available to the plaintiff, not whether
officials complied with the scheme.  *See Egbert*, 142 S. Ct. at 1807 ("So long as Congress or the
Executive has created a remedial process that it finds sufficient to secure an adequate level of
deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy.
That is true even if a court independently concludes that the Government's procedures are "'not
as effective as an individual damages remedy.'"").  Because plaintiff concedes that he filed a
grievance and an FTCA claim, both remedial schemes were available to him.

The majority in *Egbert* states that its decision does not "dispense with *Bivens* altogether."
142 S. Ct. at 1803.  But even if a *Bivens* remedy might exist in some contexts beyond the three
explicitly recognized by the Supreme Court, *Egbert* leaves little doubt that no such remedy is
available here.

## Conclusion

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to appoint counsel, ECF No. 61, is denied;

2.  Defendant's motion to dismiss, ECF No. 59, is granted;

---

[3] Plaintiff claims that this action proceeds not only against Paviglianti but also against the
Federal Bureau of Prisons ("FBOP") and the United States.  ECF No. 61 at 2.  This is incorrect.
When plaintiff initiated this action, he brought suit against multiple defendants, including the
FBOP and United States.  *See* ECF No. 1 at 2.  The complaint was subsequently dismissed with
leave to amend pursuant to Federal Rule of Civil Procedure 18 for having included multiple,
unrelated claims against multiple defendants.  ECF No. 10.  Plaintiff then filed a first amended
complaint naming Paviglianti, the FBOP, and the United States.  ECF No. 13.  This pleading was
screened and service was found appropriate only for Paviglianti.  ECF No. 16.  Plaintiff later
moved to amend the pleading to re-assert his claims against the FBOP and United States.  ECF
No. 33.  Although the court granted leave to amend, *see* ECF No. 41, plaintiff opted to proceed on
his first amended complaint as screened.  ECF No. 44.  This case, therefore, proceeds only against
Paviglianti.

3.  Plaintiff's first amended complaint, ECF No. 13 is dismissed without leave to amend; and

4.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    June 5, 2023

_____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE